# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALEXANDER DIANOPOLIS, JR.<br>11209 Old Marlboro Pike<br>Upper Marlboro, MD 20772 | *<br>*<br>* |
| Plaintiff | * |
| v. | *  Case Number: |
| DAIMLERCHRYSLER SERVICES<br>NORTH AMERICA, L.L.C<br>27777 Franklin Road<br>Southfield, MI 48034 | *<br>*<br>* |
| Serve: Resident Agent<br>The Corporation Trust Inc.<br>300 East Lombard Street<br>Baltimore, MD 21202 | *<br>*<br>* |
| And | * |
| WALDORF FORD, INC.<br>2450 Crain Highway<br>Waldorf, MD 20601 | *<br>* |
| Serve: Resident Agent<br>The Corporation Trust Inc.<br>300 East Lombard Street<br>Baltimore, MD 21202 | *<br>*<br>* |
| Defendants | * |

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

SEP 2 7 2005

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
                              DEPUTY

RWT 05CV2683

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

ALEXANDER DIANOPOLIS, JR., Plaintiff, through undersigned counsel, sue the Defendants, DAIMLERCHRYSLER SERVICES NORTH AMERICA, L.L.C. and WALDORF FORD, INC., and further state:

### Parties

1. Plaintiff is a resident of Prince George's County, Maryland.

2. Defendant, DAIMLERCHRYSLER SERVICES NORTH AMERICA, L.L.C.

("Chrysler"), is a company which, among other things, engages in the business of making loans secured by automobiles at the time they are sold in the State of Maryland. Defendant, Chrysler, is a Michigan Corporation. Defendant, Chrysler, engages in the business of making said loans using the trade name CHRYSLER FINANCIAL.

3. Defendant, WALDORF FORD, INC. ("Waldorf"), is a Maryland corporation which, among other things, engages in the selling automobiles and procuring loans secured by automobiles in Prince George's County, Maryland. Defendant, Waldorf, engages in business using the trade name WALDORF DODGE.

**Jurisdiction**

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1332.

5. On April 1st, 2001, Destiny Lynn Burgess entered into a Retail Installment Contract with Defendant, WALDORF, for Defendant, CHRYSLER, to extend a loan to her and the Plaintiff in the amount of Twenty Nine Thousand Two Hundred Ninety Three Dollars and Seventy-One Cents ($29,293.71). This loan was secured by Ms. Burgess' 2001 Dodge Durango, which was purchased at Defendant, WALDORF's, business location and called for monthly payments to be made by Ms. Burgess and Plaintiff to Defendant, CHRYSLER.

6. Plaintiff did not sign this Retail Installment Contract and was not present at the time that this contract was written. Ms. Burgess signed Plaintiff's name to this Contract, without Plaintiff's authorization, after she was asked to do so by an employee of WALDORF, and an agent of WALDORF and CHRYSLER, who was operating within the scope of his agency at the time Ms. Burgess was asked by him to sign her name to this document.

7. Defendant, CHRYSLER, falsely reported to credit reporting agencies, prospective lender(s), and others that Plaintiff had not made payment to it pursuant to the provisions of a

Retail Installment Contract between it, Ms. Burgess, and Plaintiff.

8. Defendant, CHRYSLER, communicated inaccurate information concerning Plaintiff's credit to credit reporting agencies and others and violated applicable law by reporting this information. Defendants, CHRYSLER and WALDORF, also failed to properly investigate or reinvestigate the accuracy of the inaccurate information when requested to do so by consumer reporting agency(ies) and/or Plaintiff.

9. Plaintiff has sustained damages including, but not limited to, damage to his credit reputation and standing, attorney's fees and costs of litigation.

## COUNT I
### (UNFAIR AND DECEPTIVE TRADE PRACTICES - CHRYSLER)

10. Plaintiff repeats and realleges all prior allegations contained in this Complaint and incorporates same herein by reference.

11. That the contract between Ms. Burgess and Defendant, CHRYSLER, is governed by the Consumer Protection Act '13-101 et seq. of the Annotated Code of Maryland, Commercial Law Article.

12. That the actions and omissions of Defendant, CHRYSLER, constitute unfair and deceptive trade practices and violate the Consumer Protection Act, '13-301 et seq. of the Annotated Code of Maryland, Commercial Law Article.

13. That Plaintiff is entitled to reasonable attorney's fees pursuant to the Annotated Code of Maryland, Commercial Law Article '13-401(b).

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for Plaintiff and against Defendant, CHRYSLER, in the amount of TWO HUNDRED THOUSAND DOLLARS AND NO CENTS ($200,00.00), plus costs and attorney's fees as damages for unfair and deceptive trade practices and for such other and further relief as this Court deems proper.

## COUNT II
### (UNFAIR AND DECEPTIVE TRADE PRACTICES - WALDORF)

14. Plaintiff repeats and realleges all prior allegations contained in this Complaint and incorporates same herein by reference.

15. That the contract between Ms. Burgess and Defendant, WALDORF, is governed by the Consumer Protection Act '13-101 et seq. of the Annotated Code of Maryland, Commercial Law Article.

16. That the actions and omissions of Defendant, WALDORF, constitute unfair and deceptive trade practices and violate the Consumer Protection Act, '13-301 et seq. of the Annotated Code of Maryland, Commercial Law Article.

17. That Plaintiff is entitled to reasonable attorney's fees pursuant to the Annotated Code of Maryland, Commercial Law Article '13-401(b).

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for Plaintiff and against Defendant, WALDORF, in the amount of TWO HUNDRED THOUSAND DOLLARS AND NO CENTS ($200,000.00), plus costs and attorney's fees as damages for unfair and deceptive trade practices and for such other and further relief as this Court deems proper.

## COUNT III
### (DEFAMATION - CHRYSLER)

18. Plaintiff repeats and realleges all prior allegations contained in this Complaint and incorporates same herein by reference.

19. That the negative reporting of information concerning Plaintiff's credit history by Defendant, CHRYSLER, to credit reporting agencies was false and defamatory and made without license or privilege.

20. That the said defamatory communications were intentionally and maliciously made

with the intent to injure Plaintiff.

21. Alternatively, said communications were negligently made.

22. As a result of the false and defamatory statements published by Defendant, CHRYSLER, the character and reputation of Plaintiff was harmed and he suffered mental anguish and personal humiliation.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for Plaintiff and against Defendant, CHRYSLER, for compensatory and punitive damages in the amount of TWO HUNDRED THOUSAND DOLLARS AND NO CENTS ($200,000.00), plus costs and attorney's fees as damages for defamation and for such other and further relief as this Court deems proper.

## COUNT IV
## (DEFAMATION - WALDORF)

23. Plaintiff repeats and realleges all prior allegations contained in this Complaint and incorporates same herein by reference.

24. That the negative reporting of information concerning Plaintiff's credit history by Defendant, WALDORF, to credit reporting agencies was false and defamatory and made without license or privilege.

25. That the said defamatory communications were intentionally and maliciously made with the intent to injure Plaintiff.

26. Alternatively, said communications were negligently made.

27. As a result of the false and defamatory statements published by Defendant, WALDORF, the character and reputation of Plaintiff was harmed and he suffered mental anguish and personal humiliation.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for Plaintiff and

against Defendant, WALDORF, for compensatory and punitive damages, in the amount of TWO HUNDRED THOUSAND DOLLARS AND NO CENTS ($200,000.00), plus costs and attorney's fees as damages for defamation and for such other and further relief as this Court deems proper.

## COUNT V
### (FAIR CREDIT BILLING ACT/TRUTH IN LENDING ACT/ FAIR CREDIT REPORTING ACT - CHRYSLER)

28. Plaintiff repeats and realleges all prior allegations contained herein and incorporates same herein by reference.

29. That the Plaintiff made a written notification of the inaccurate information to all three credit agencies, which was forwarded to Defendant, CHRYSLER.

30. That the Defendant, CHRYSLER, failed to properly acknowledge notice of the inaccurate information, failed to conduct a reasonable investigation into the inaccurate information, improperly attempted to collect payment from the Plaintiff and improperly made an adverse report about Plaintiff's credit.

31. That the placing of false and derogatory information on Plaintiffs credit report; the failure of Defendant, CHRYSLER, to properly investigate or reinvestigate information supplied to credit reporting agencies and upon investigation or reinvestigation, supply correct information to that credit reporting agency and others; and the failure to follow statutorily mandated billing procedures constitute a violation of the Fair Credit Billing Act, 15 USC § 1666 et seq., the Fair Credit Reporting Act, 15 USC § 1681, and the Federal Truth in Lending Act, 11 USC § 1601 et seq. and other laws and regulations pertaining thereto.

32. That Plaintiff is entitled to an award of statutory damages by virtue of Defendant, CHRYSLER, violation of the Fair Credit Billing Act, the Fair Credit Reporting Act and the

Truth in Lending Act.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for Plaintiff and against Defendant, CHRYSLER, in the amount of TWO HUNDRED THOUSAND DOLLARS AND NO CENTS ($200,000.00), plus costs and attorney's fees for non-compliance with the above federal statutes.

### COUNT VI
### (FAIR CREDIT BILLING ACT/TRUTH IN LENDING ACT/ FAIR CREDIT REPORTING ACT - WALDORF)

33. Plaintiff repeats and realleges all prior allegations contained herein and incorporates same herein by reference.

34. That the Plaintiff made a written notification of the inaccurate information to all three credit agencies, which was forwarded to Defendant, WALDORF.

35. That the Defendant, WALDORF, failed to properly acknowledge notice of the inaccurate information, failed to conduct a reasonable investigation into the inaccurate information, improperly attempted to collect payment from the Plaintiff and improperly made an adverse report about Plaintiff's credit.

36. That the placing of false and derogatory information on Plaintiffs credit report; the failure of Defendant, WALDORF, to properly investigate or reinvestigate information supplied to credit reporting agencies and upon investigation or reinvestigation, supply correct information to that credit reporting agency and others; and the failure to follow statutorily mandated billing procedures constitute a violation of the Fair Credit Billing Act, 15 USC § 1666 et seq., the Fair Credit Reporting Act, 15 USC § 1681, and the Federal Truth in Lending Act, 11 USC § 1601 et seq. and other laws and regulations pertaining thereto.

37. That Plaintiff is entitled to an award of statutory damages by virtue of Defendant,

WALDORF, violation of the Fair Credit Billing Act, the Fair Credit Reporting Act and the Truth in Lending Act.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for Plaintiff and against Defendant, WALDORF, in the amount of TWO HUNDRED THOUSAND DOLLARS AND NO CENTS ($200,000.00), plus costs and attorney's fees for non-compliance with the above federal statutes.

## COUNT VII
### (INJUNCTIVE RELIEF - CHRYSLER)

38. Plaintiff repeats and realleges all prior allegations contained in this Complaint and incorporates same herein by reference.

39. Unless Defendant, CHRYSLER, is enjoined by this Court from making further attempts to collect a incorrect balance purportedly owed on this account, and from assigning this incorrect account balance with Plaintiff to any other entity for purposes of collection, Plaintiff will suffer grave, immediate, substantial, and irreparable injury which cannot be adequately remedied solely by an action at law for damages.

WHEREFORE, Plaintiff respectfully request that, after a determination of the merits in this action, this Honorable Court issue an Injunction:

(A) enjoining Defendant, CHRYSLER, from further attempts to collect an incorrect balance including but not limited to filing further stay modification motions to collect this balance,

(B) enjoining Defendant, CHRYSLER, from assigning an incorrect account balance with Plaintiff to any other entity for purposes of collection.

## COUNT VIII
## (INJUNCTIVE RELIEF - WALDORF)

40. Plaintiff repeats and realleges all prior allegations contained in this Complaint and incorporates same herein by reference.

41. Unless Defendant, WALDORF, is enjoined by this Court from making further attempts to collect a incorrect balance purportedly owed on this account, and from assigning this incorrect account balance with Plaintiff to any other entity for purposes of collection, Plaintiff will suffer grave, immediate, substantial, and irreparable injury which cannot be adequately remedied solely by an action at law for damages.

WHEREFORE, Plaintiff respectfully request that, after a determination of the merits in this action, this Honorable Court issue an Injunction:

(A) enjoining Defendant, WALDORF, from further attempts to collect an incorrect balance including but not limited to filing further stay modification motions to collect this balance,

(B) enjoining Defendant, WALDORF, from assigning an incorrect account balance with Plaintiff to any other entity for purposes of collection.

## COUNT IX
## (DECLARATORY RELIEF - CHRYSLER)

42. Plaintiff repeats and realleges all prior allegations contained in this Complaint and incorporates same herein by reference.

43. Defendant, CHRYSLER, continues to assert that Plaintiff is in arrears on his account.

44. An actual controversy has arisen and now exists between Plaintiff and Defendant, CHRYSLER, regarding their respective rights and duties under the Retail Installment Contract.

45. In view of Defendant, CHRYSLER's actual and threatened actions to enforce the

purported terms of the Retail Installment Contract and Plaintiff's contention that Defendant, CHRYSLER, continues to attempt to collect an incorrect balance, there is an actual controversy within the jurisdiction of this court. Declaratory relief will effectively adjudicate the rights of the parties.

WHEREFORE, Plaintiff prays that:

1. The court determine the correct amount of Plaintiff's obligation to Defendant, CHRYSLER, if any.

2. The court determine the proper amount of Defendant, CHRYSLER's proof of claim.

3. The court issue such other and further relief as it may deem necessary and proper.

## COUNT X
### (DECLARATORY RELIEF - WALDORF)

46. Plaintiff repeats and realleges all prior allegations contained in this Complaint and incorporates same herein by reference.

47. Defendant, WALDORF, continues to assert that Plaintiff is in arrears on his account.

48. An actual controversy has arisen and now exists between Plaintiff and Defendant, WALDORF, regarding their respective rights and duties under the Retail Installment Contract.

49. In view of Defendant, WALDORF's actual and threatened actions to enforce the purported terms of the Retail Installment Contract and Plaintiff's contention that Defendant, WALDORF, continues to attempt to collect an incorrect balance, there is an actual controversy within the jurisdiction of this court. Declaratory relief will effectively adjudicate the rights of the parties.

WHEREFORE, Plaintiff prays that:

1. The court determine the correct amount of Plaintiff's obligation to Defendant, WALDORF, if any.

2. The court determine the proper amount of Defendant, WALDORF's proof of claim.

3. The court issue such other and further relief as it may deem necessary and proper.

                                                  Respectfully submitted,

Christopher R. Wampler    #05461
Attorney for Plaintiff
The Wampler Law Firm, LLC
One Central Plaza
11300 Rockville Pike, Suite 1015
Rockville, MD 20852
Phone: (301) 881-8895
Fax: (301) 881-8896